United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO., | No. C-09-05363-SBA (DMR) |
|     Plaintiff, | **ORDER RE PLAINTIFF'S MOTION FOR AN ORDER SHORTENING TIME FOR HEARING ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
|     v. | |
| NBC GENERAL CONTRACTORS CORP., et al., | |
|     Defendants. | |

On April 23, 2010, Plaintiff filed and served a Motion to Compel Production of Documents ("Motion to Compel"). *See* Docket No. 24. On April 27, 2010, Plaintiff filed and served an *Ex Parte* Motion for an Order Shortening Time ("Motion for OST") for Hearing on Motion to Compel Production of Documents. *See* Docket No. 25. On April 28, 2010, the above matter was referred to Magistrate Judge Donna M. Ryu for all discovery purposes. *See* Docket No. 26. Defendants did not file an opposition to Plaintiff's Motion for OST. *See* Civ.L.R. 6-3 (c) (requiring any opposition to a motion to shorten time to be filed no later than four (4) days after receiving the motion). Having reviewed Plaintiff's moving papers and the accompanying declaration of James D. Curran, the Court DENIES Plaintiff's Motion for OST in part, and GRANTS it in part.

## I. BACKGROUND

Plaintiff Hartford Fire Insurance Company alleges that at Defendants' request, Plaintiff acted as a surety by issuing various bonds on behalf of Defendant NBC General Contractors ("NBC") on

1 numerous construction contracts for public works projects. *See* Docket No. 25 (Motion for OST at
2 2-3; Curran Decl. ¶ 7). According to Plaintiff, it recently learned that NBC was not paying its
3 laborers, subcontractors and suppliers on one of the contracts bonded by Plaintiff that is known as
4 the "81st Avenue Project," and that the work at the project site was not complete. *Id.* (Motion for
5 OST at 2-3; Curran Decl. ¶¶ 10-12). Plaintiff further alleges that it has already received several
6 claims against the bonds issued on the 81st Avenue Project as a result of NBC's alleged non-
7 payment, that it anticipates additional such claims, and that it is investigating each of the known
8 claims asserted. *Id.* (Motion for OST at 3; Curran Decl. ¶¶ 13-14). Finally, Plaintiff states it has
9 suffered "severe prejudice" as a result of Defendants' alleged ongoing refusal, despite Plaintiff's
10 informal and formal requests for initial disclosures and document production as well as Plaintiff's
11 meet and confer efforts, to provide access to NBC's books and records on its bonded contracts;
12 according to Plaintiff, such refusal has "significantly impaired" Plaintiff's investigation of the
13 outstanding claims filed by NBC's subcontractors and suppliers against Plaintiff's bonds. *Id.*
14 (Motion for OST at 2, 4-5; Curran Decl. ¶¶ 15-19).

15 Based on these allegations, Plaintiff has moved for an order shortening time to hear
16 Plaintiff's Motion to Compel, and accordingly, for an expedited briefing schedule. *Id.* (Motion for
17 OST at 5).

**II. DISCUSSION**

19 Under Civ.L.R. 6-3 (a) and (d), the Court may grant a motion to hear a motion on shortened
20 time if the moving party: (1) sets forth with particularity, the reasons for the requested shortening of
21 time; (2) describes the efforts the party has made to obtain a stipulation to the time change; (3)
22 identifies the substantial harm or prejudice that would occur if the Court did not change the time; (4)
23 describes the moving party's compliance with Civ.L.R. 37-1 (a); (5) describes the nature of the
24 underlying dispute that would be addressed in the motion and briefly summarizes the position each
25 party had taken; (5) discloses all previous time modifications in the case, whether by stipulation or
26 Court order; and (6) describes the effect the requested time modification would have on the schedule
27 for the case.

28

2

1   Although Plaintiff generally states that it has suffered "severe prejudice" due to Defendants'
2   alleged refusal to provide the documents requested and has been "impaired" in investigating pending
3   third party claims, the Court finds that Plaintiff does not set forth with sufficient particularity the
4   reasons for the requested shortening of time. Specifically, Plaintiff does not describe the effect the
5   requested time modification would have on the schedule for this case; nor does Plaintiff adequately
6   identify the substantial harm that would occur absent an expedited time line on its Motion to Compel
7   (either in Plaintiff's case at bar or the third party actions asserted against Plaintiff's bonds),
8   particularly as no imminent case deadline or other applicable deadline has been identified by
9   Plaintiff. Nonetheless, the Court underscores that because no opposition has been filed, Defendants
10  appear to have no objection to a motion hearing earlier than the 35-day noticed motion required
11  under Civ.L.R. 7-2. Moreover, the Court takes note of Plaintiff's general allegation that it cannot
12  proceed with the investigation of pending third party claims without the documents requested.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for OST in part, and GRANTS it in part. The Court denies Plaintiff's request to set the hearing on the Motion to Compel within ten (10) days of the entry of this order. However, Plaintiff's Motion to Compel will be heard on **May 27, 2010,** which provides 34 days' notice, rather than 35 days as required under Civ.L.R. 7-2, from the actual date of filing and service of Plaintiff's Motion to Compel on April 23, 2010. Accordingly, the briefing schedule for Plaintiff's Motion to Compel shall be as follows:

Defendants' opposition shall be filed by no later than **May 12, 2010.**

Plaintiff's reply to Defendants' opposition shall be filed by no later than **May 19, 2010.**

On **May 27, 2010**, the hearing on Plaintiff's Motion to Compel will be held at **11:00 a.m.** in Courtroom 4, 3rd Floor, U.S. District Court, 1301 Clay Street, Oakland, California 94612.

IT IS SO ORDERED.

Dated: May 4, 2010



DONNA M. RYU
United States Magistrate Judge

3