UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO., | No. C-09-05363-SBA (DMR) |
| Plaintiff, | **ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RULE 26(a)(1) INITIAL DISCLOSURES** |
| v. | |
| NBC GENERAL CONTRACTORS CORP., et al., | |
| Defendants. | |

On April 23, 2010, Plaintiff filed and served a Motion to Compel Production of Documents and Rule 26(a)(1) Initial Disclosures ("Motion"). *See* Docket No. 24. Defendants did not file an opposition, which was to be filed by no later than May 12, 2010, per this Court's order dated May 4, 2010. *See* Docket No. 27. Under Civ.L.R. 7-1(b), this matter is appropriate for decision without oral argument and accordingly, the May 27, 2010 hearing is **vacated**. Having reviewed Plaintiff's moving papers and the accompanying declaration of James D. Curran, and in the absence of any opposition by Defendants, the Court finds good cause and **GRANTS** Plaintiff's Motion.

**I. BACKGROUND**

Plaintiff Hartford Fire Insurance Company alleges that it issued various bonds on behalf of Defendant NBC General Contractors ("NBC") to act as a surety on numerous construction contracts for public and private works projects. *See* Docket No. 24 (Mtn. at 1; Curran Decl. ¶¶ 7, 9). According to Plaintiff, as partial consideration for issuance of the surety bonds, the parties entered into an indemnity agreement. *Id.* (Mtn. at 2; Curran Decl. ¶ 7). After NBC's subcontractors and suppliers asserted claims against Plaintiff based on allegations that NBC failed to pay for work

performed and materials supplied on the bonded contracts, Plaintiff filed suit on November 13, 2009, alleging breach of contract against Defendants and seeking specific performance of the indemnity agreement. *Id.* (Mtn. at 1,7; Curran Decl. ¶¶ 10-12, 22).

In its Motion, Plaintiff recounts its repeated attempts "over a long period of time" to obtain access to NBC's books and records related to the bonded contracts. *Id.* (Mtn. at 1, 6-7; Curran Decl. ¶¶ 15-16, 23). Specifically, Plaintiff claims that from June 2009 through November 2009, prior to filing suit, Plaintiff's counsel made several requests in person and by telephone, letter, and email for access to NBC's books and records, pursuant to the terms of the indemnity agreement allegedly permitting such access. *Id.* (Mtn. at 6-7; Curran Decl. ¶¶ 15-16). After Defendants purportedly refused Plaintiff's demand to comply with the terms of the indemnity agreement and Plaintiff subsequently filed suit, Plaintiff renewed its requests for access to NBC's books and records, without resorting to formal discovery in order to avoid litigation expenses. *Id.* (Mtn. at 7; Curran Decl. ¶¶ 17- 23).

When Defendants continued to deny access to NBC's books and records, on February 1, 2010, Plaintiff served its first set of Requests for Production of Documents on NBC. Subsequently, on February 2, 2010, Plaintiff served its first set of Requests for Production of Documents on the individually-named Defendants. *Id.* (Mtn. at 7; Curran Decl. ¶¶ 24-28). Defendants' responses to Plaintiff's Requests for Production were due no later than March 8, 2010. Fed.R.Civ.P. 6(d) and 34(b)(2)(A). Defendants failed to produce any documents or provide a written response to Plaintiff's requests; despite Plaintiff's meet and confer efforts throughout the months of March and April of 2010, Defendants ultimately informed Plaintiff that Defendants would not produce the documents requested and Plaintiff should "do what it needed to do."[1] *See* Docket No. 24 (Mtn. at 8-9; Curran Decl. ¶¶ 32, 36-42). On April 23, 2010, Plaintiff thereupon moved to compel production of documents responsive to Plaintiff's requests.

---

[1] According to Plaintiff, the parties have been engaged in discussions to enter into a stipulated protective order regarding confidential documents. *See* Docket No. 24 (Mtn. at 9; Curran Decl. ¶¶ 43-45). It is unclear from the record what the status is of those discussions and whether they are ongoing. In any event, Plaintiff informs this Court that the parties have not agreed on a protective order despite Plaintiff's willingness to sign Defendants' draft of the stipulation with "minor revisions." *Id.*

Additionally, Plaintiff moved to compel Defendants' initial disclosures, which had not been provided as of the filing date of Plaintiff's Motion. Per the Case Management Scheduling Order for Reassigned Civil Cases issued by Judge Armstrong on January 28, 2010, the parties were ordered to comply with the February 11, 2010 initial disclosure deadline in the Order Setting Initial Case Management Conference. *See* Docket Nos. 2, 16. Although Plaintiff states that it has provided its Rule 26 initial disclosures, Defendants have failed to do so. *See* Docket No. 24 (Mtn. at 8; Curran Decl. ¶¶ 34-35 ).

## II. DISCUSSION

### A.  Defendants' Failure to Respond to Plaintiff's Requests for Production of Documents.

Parties may obtain discovery regarding "any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b). A court may order discovery of "any matter relevant to the subject matter involved in the action" upon a showing of good cause. *Id.* Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* For discovery purposes, relevance "has a very broad meaning." *Heathman v. U.S.D.C. for the Central Dist. of Cal.*, 503 F.2d 1032, 1035 (9th Cir. 1974). The party resisting relevant, non-privileged discovery has the burden of showing why discovery should not go forward. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Balarezo v. Nth Connect Telecom*, No. C 07-5243, 2008 WL 2705095, at *2 (N.D. Cal. July 8, 2008).

The party to whom a request for production is directed must respond in writing within 30 days after being served. Fed.R.Civ.P. 34(b)(2)(A). Failure to object to discovery requests within the time required constitutes a waiver of any objection.[2] *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

---

[2] Although Rule 34 does not expressly provide for any relief from a waiver of objections, some courts have granted such relief upon a showing of good cause. *See, e.g., E.E.O.C. v. Kovacevich "5" Farms*, No. 1:06-cv-0165, 2007 WL 1599772, at *11 (E.D. Cal. June 4, 2007); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (applying to Rule 34(b) the principle under Rule 33(b)(4) that a court may excuse a failure to object for good cause). As Defendants have not submitted any opposition to Plaintiff's Motion, no such argument has even been made by Defendants. Thus, the question of whether relief from waiver would be permissible and appropriate in the circumstances is not before this Court.

3

Here, Plaintiff argues that the documents requested are relevant to its claims against Defendants because they relate to the bonds issued by Plaintiff on Defendants' behalf, including documents pertaining to NBC's performance and management of work under the bonded contracts; payments made and received by NBC under the bonded contracts; and financial information regarding the ability of Defendants to post collateral and perform various obligations under the indemnity agreement. *See* Docket No. 24 (Mtn. at 12, Curran Decl. ¶¶ 25-29).

Defendants, who would otherwise bear the burden of demonstrating why the discovery at issue should not be permitted, have not only failed to respond or object to Plaintiff's document requests, but have also failed to submit any opposition to Plaintiff's Motion.[3] The Court may order discovery of "relevant" information as broadly defined by Fed.R.Civ.P. 26(b) and the governing cases. It is not the Court's responsibility to figure out what, if any, valid objections might be made by an inexplicably silent party upon whom discovery properly has been served. The documents sought by Plaintiff are arguably relevant to the claims or defenses and/or subject matter of this action, particularly in the absence of any objections or showing by Defendants to the contrary. Defendants have not provided the Court with any reason why the documents requested should not be produced.[4]

**B. Defendants' Failure to Provide Initial Disclosures Under Rule 26(a)(1).**

Parties are required, without awaiting a discovery request, to exchange initial disclosures at or within 14 days after their Rule 26(f) conference unless a different time is set by stipulation or court order. Fed.R.Civ.P. 26(a)(1)(A) and (C). Thus, the parties were required to comply with the February 11, 2010 initial disclosure deadline in the Order Setting Initial Case Management

---

[3] To the extent Defendants' failure to oppose Plaintiff's motion was intended as a statement of non-opposition, Defendants have failed to comply with Civ.L.R. 7-3(b).

[4] As a possible basis for Defendants' refusal to produce any documents in the case at bar, Plaintiff, not Defendants, have brought to the Court's attention a separate protective order between Defendants and third parties involved in a state court class action lawsuit. *See* Docket No. 24 (Mtn. at 10, Curran Decl. ¶ 47). However, the Court underscores that it is unable to evaluate the import, if any, of the state court protective order given Defendants' complete silence in this matter. Moreover, the Court is mindful of Plaintiff's representation that it advised Defendants' counsel it was willing to abide by the terms of the state court protective order and enter into a stipulation to that effect with all parties in the state court action, but that Defendants did not respond. *Id.* (Mtn. at 10, Curran Decl. ¶ 49).

4

Conference, per the Case Management Scheduling Order for Reassigned Civil Cases issued by Judge Armstrong on January 28, 2010.[5] *See* Docket Nos. 2, 16. Defendants have failed to provide Plaintiff with their initial disclosures, which are now more than three months overdue. Moreover, Defendants have not provided the Court with any reason for their failure to comply with Rule 26(a)(1).[6]

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED.**

**By no later than June 2, 2010, Defendants shall comply with the following 4 requirements:**

(1) Defendants shall provide Plaintiff with their initial disclosures, in compliance with Fed.R.Civ.P. 26(a)(1).

(2) Defendants shall provide a written response to Plaintiff's document requests propounded on February 1, 2010 and February 2, 2010, in compliance with Civ.L.R. 34-1. **Defendants may only make objections based on attorney-client privilege, core work product, or privacy. All other objections are deemed waived.**

(3) Defendants shall produce all documents responsive to Plaintiff's requests, except **Defendants may only withhold those documents for which they are moving for a protective order under Fed.R.Civ.P. 26(c)**, as set forth below, **based on attorney-client privilege, core work product, or privacy.**

(4) For any objections based on attorney-client privilege, core work product, or privacy,

---

[5] Plaintiff states that the parties subsequently filed a Joint Case Management Statement on February 19, 2010, in which they agreed to exchange initial disclosures by March 1, 2010. *See* Docket No. 24 (Mtn. at 8, Curran Decl. ¶ 33). However, parties are required by the Local Rules to obtain an order, which they may request by stipulation, for any enlargement of time that would alter an event or deadline already fixed by court order. *See* Civ.L.R. 6-1(b). The deadline for completing initial disclosures was set by court order, and the parties in this instance did not have leave of Court to alter the deadline by stipulation. *See* Docket Nos. 2, 16. Regardless, even by the March 1 deadline that the parties attempted to set by stipulation, Defendants' initial disclosures are long past due.

[6] This Court has not been asked to consider, and therefore does not rule upon the consequences of Defendants' failure to comply with its initial disclosure obligation. However, the Court notes that evidentiary sanctions may result from a failure to provide the information required under Rule 26(a)(1). A party that is not in compliance "is not allowed to use [the] information...[required by Rule 26(a)] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); *Hoffman v. Construction Protective Svcs.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

       Defendants shall provide Plaintiff with a particularized privilege log that comports with paragraph 10 of this Court's order dated May 7, 2010.

**Should Defendants make any objections based on attorney-client privilege, core work product, or privacy, <u>by no later than June 9, 2010:</u>**

    (5)    Defendants must move for a protective order in compliance with Fed.R.Civ.P. 26(c) that specifies which documents are being withheld on the grounds of attorney-client privilege, core work product, or privacy – unless the parties reach a stipulation or other resolution that would obviate the need for a motion before the Court. In its motion, Defendants shall bear the opening burden of:

    a)    establishing the legal and factual basis for withholding **each particular document at issue**; and

    b)    demonstrating why the particular objection based on privilege, core work product, or privacy for **each particular document at issue** should not be deemed waived given the untimely nature of the objection.

The Court will set a hearing date and briefing schedule on any such motion. **Should Defendants make any objections based on attorney-client privilege, core work product, or privacy and Defendants either fail to move for a protective order by June 9, 2010, or fail to reach an agreement with Plaintiff that obviates the need for a motion, any such objections shall be deemed waived; accordingly, Defendants must produce all documents previously withheld on those grounds by no later than June 9, 2010.**

IT IS SO ORDERED.

Dated: May 19, 2010

                                                                        _____

                                                                        DONNA M. RYU
                                                                        United States Magistrate Judge

*IT IS SO ORDERED*
*Judge Donna M. Ryu*