| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>James D. Curran, Esq. (SBN 126586)<br>Shashauna Szczechowicz, Esq. (SBN 249102)<br>Wolkin Curran, LLP<br>555 Montgomery Street, Suite 1100<br>San Francisco, CA 94111<br>TELEPHONE NO.: (415)982-9390    FAX NO.: (415) 982-4328<br>ATTORNEY FOR (Name): Plaintiff, Hartford Fire Insurance Company | FOR COURT USE ONLY<br>**ORIGINAL FILED**<br>MAR 2 3 2011<br>RICHARD W. WIEKING<br>CLERK U.S. DISTRICT COURT,<br>NORTHERN DISTRICT OF CALIFORNIA |
| NAME OF COURT: United States District Court, Northern District of California<br>STREET ADDRESS: 1301 Clay Street, Suite 400 South<br>MAILING ADDRESS: Oakland, California 94612<br>CITY AND ZIP CODE: Oakland Division<br>BRANCH NAME: | |
| PLAINTIFF: Hartford Fire Insurance Company, a Connecticut corporation<br><br>DEFENDANT: NBC General Contractors Corporation, a California Corporation; Monica Ung, an individual; and Dennis Chow, an individual | E-filing |
| **EX PARTE**<br>[X] RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT)<br>[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT (RESIDENT) | CASE NUMBER:<br>CV 09-5363 SBA-DMR |

1. The application and supporting declaration or affidavit of plaintiff (name): Hartford Fire Insurance Company for an ex parte [X] right to attach order and order for issuance of writ of attachment [ ] order for issuance of an additional writ of attachment has been considered by the court.

**FINDINGS**

2. THE COURT FINDS

   a. Defendant (specify name): Monica Ung   Is a [X] natural person
      [ ] partnership   [ ] unincorporated association   [ ] corporation   [ ] other (specify):
   b. The claim upon which the application is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the application is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. The affidavit or declaration accompanying the application shows that the property sought to be attached, or the portions thereof to be specified in the writ, are not exempt from attachment.
   g. The portion of the property sought to be attached described in Item 3b is not exempt from attachment.
   h. An undertaking in the amount of: $ 10,000.00   is required before a writ shall issue, and plaintiff
      [X] has   [ ] has not   filed an undertaking in that amount.
   i. Great or irreparable injury will result to the plaintiff if issuance of the order is delayed until the matter can be heard on notice, based on the following:
      (1) [X] There is a danger that the property sought to be attached would be
         (a) [X] concealed.   (b) [X] substantially impaired in value.
         (c) [ ] made unavailable to levy by other than concealment or impairment in value.
      (2) [ ] Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2), as set forth in the affidavit or declaration filed in support of this application, which specifies the defendant's known undisputed debts and the basis for plaintiff's determination that the defendant's debts are undisputed.
      (3) [ ] A bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) [ ] An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) [ ] Other circumstances (specify):

   j. [ ] A Right to Attach Order was issued on (date):   pursuant to
      [ ] Code of Civil Procedure section 484.090 (on notice)   [ ] Code of Civil Procedure section 485.220 (ex parte)
   k. [ ] Other (specify):

---

CV-4A (12/03)<br>(AT-125 (Rev. January 1, 2000))

**EX PARTE RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT) (Attachment)**

Code of Civil Procedure,<br>§§ 482.030, 485.010 et seq.<br>Page one<br>CCD-CV4A

| SHORT TITLE: Hartford Fire Insurance Company v. NBC General Contractors Corporation, et al. | CASE NUMBER: CV 09-5363 SBA-DMR |
|---|---|

**ORDER**

3. THE COURT ORDERS
   a. Plaintiff has a right to attach property of defendant *(name):* Monica Ung

   In the amount of: $ 3,032,740.37

   b. The clerk shall issue [X] a writ of attachment  [ ] an additional writ of attachment  in the amount stated in item 3a
      [X] forthwith  [ ] upon the filing of an undertaking in the amount of: $
      (1) [ ] for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of the sale of such property, described as follows *(specify):*

      (2) [ ] for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify):*
      (3) [ ] for any property of a defendant who is **not** a natural person for which a method of levy is provided.
      (4) [X] for property of a defendant who is a natural person subject to attachment under Code of Civil Procedure section 487.010 *(specify):* See Attachment 1.

   c. [ ] Defendant shall transfer to the levying officer possession of
      (1) [ ] any documentary evidence in defendant's possession of title to any property described in item 3b.
      (2) [ ] any documentary evidence in defendant's possession of debt owed to defendant described in item 3b.
      (3) [ ] the following property in defendant's possession *(specify):*

   **NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

   d. [ ] Other *(specify):* Hearing March 30, 2011 is hereby vacated.

   e. Total number of boxes checked in item 3: 3

Date:   JAMES LARSON
        U.S. MAGISTRATE JUDGE

        [TYPE OR PRINT NAME]                                        (SIGNATURE OF JUDGE OR MAGISTRATE JUDGE)

CV-4A (12/03)    **EX PARTE RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT) (Attachment)**    Page two

## ATTACHMENT 1
### as to Defendant Monica Ung

1. SPECIFIC REAL INTERESTS IN REAL PROPERTY

    Pursuant to California Code of Civil Procedure section 487.010, the parcels of real property owned by Monica Ung, as listed below, are subject to attachment because it is an interest in real property and is not a leasehold estate with an unexpired terms of less than one year.

    Pursuant to California Code of Civil Procedure section 488.315, to attach real property, the levying officer shall comply with Section 700.015 and the recorder shall index the copy of the writ of attachment and a notice of attachment as provided in that section.

    - **Assessor's Parcel Number 002-0035-008**

        Address: 1007 – 1009 Clay Street, Oakland, California 94607

        Legal Description: All that certain real property situated in the City of Oakland, County of Alameda, State of California, described as follows:

        > Portion of Block 146, as said block is shown on Boardman's map of Oakland, filed April 23, 1883, Map Book 17, Page 14, Alameda County records, described as follows:
        >
        > Beginning at the intersection of the northeastern line of 10th Street, with the northwestern line of Clay Street; running thence along said line of 10th Street, northwesterly 80 feet; thence at right angles northeasterly, 118 feet; thence at right angles southeasterly, 80 feet to said line of Clay Street; thence along the last named line, southwesterly 118 feet to the point of beginning.

2. Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the defendant of a trade, business, or profession, except any such individual claim with a principal balance of less than one hundred fifty dollars ($150) (CCP § 488.470);

3. Money on the premises where a trade, business, or profession is conducted by the defendant and money in deposit accounts (CCP § 488.535 and CCP § 488.455);

4. Negotiable documents of title (CCP § 488.445);

5. Instruments (CCP § 488.440);

6. Securities (CCP § 488.450);

7.  Inventory (CCP § 488.395);

8.  Final money judgments arising out of the conduct of trade, business or profession (CCP § 491.410);

9.  Interests in real property except leasehold estates with unexpired terms of less than one year. (CCP § 488.315); and

10. Equipment (CCP § 488.375 and CCP § 488.385).