UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>NBC GENERAL CONTRACTORS CORPORATION, a California Corporation; MONICA UNG, an individual; and DENNIS CHOW, an individual,<br><br>            Defendants. | Case No:  C 09-5363  SBA<br><br>**ORDER** |

On November 13, 2009, Plaintiff Hartford Fire Insurance Company ("Hartford") commenced the instant action against NBC General Contractors Corporation ("NBC"), Monica Ung ("Ung"), and Dennis Chow ("Chow") alleging claims for breach of indemnity agreement, specific performance, injunctive relief, and *quia timet*. Compl., Dkt. 1. Defendants NBC and Ung are currently involved in separate bankruptcy proceedings. Dkt. 34, 69.  Both are subject to the automatic stay under 11 U.S.C. § 362(a).

On February 25, 2013, the Court granted summary judgment in favor of Hartford on its breach of indemnity agreement claim against Chow in the amount of $7,176,188.18. Dkt. 104.  In that order, the Court directed Hartford to file a statement advising the Court of its intentions on the remaining claims alleged against Chow in the complaint.  Id.  On March 4, 2013, Hartford filed a statement requesting the Court dismiss the remaining claims alleged against Chow in the complaint (i.e., the second claim for specific performance, the third claim for injunctive relief, and the fourth claim for *quia timet*) without prejudice.  Dkt. 105.  The Court construes Hartford's request as a motion to

voluntarily withdraw its second, third, and fourth claims for relief under Rule 15 of the Federal Rules of Civil Procedure.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687-688 (9th Cir. 2005).  The Court GRANTS Hartford's motion.  The second, third, and fourth claims for relief alleged by Hartford against Chow are DISMISSED without prejudice.

In addition to requesting dismissal of the remaining claims alleged against Chow in the complaint, Hartford requests the Court enter final judgment against Chow on its breach of indemnity agreement claim.  Dkt. 105.  Finally, Hartford requests that this action be administratively closed until the respective bankruptcy cases filed by the remaining Defendants, NBC and Ung, are closed or the automatic stays under 11 U.S.C. § 362(a) are respectively lifted.  Id.

The Court finds that there is no just reason for delay in the entry of judgment against Chow on Hartford's breach of indemnity agreement claim.  Fed.R.Civ.P. 54(b).  Accordingly,

IT IS HEREBY ORDERED that FINAL JUDGMENT is entered in favor of Hartford on its breach of indemnity agreement claim against Chow in the amount of $7,176,188.18.  In light of the bankruptcy stays, IT IS FURTHER ORDERED that the Clerk of the Court ADMINISTRATIVELY CLOSE this action.  In the event that either stay is lifted, the parties shall immediately notify the Court and specify their request for further handling of this action.

IT IS SO ORDERED.

Dated: 3/5/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge