UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NBC GENERAL CONTRACTORS CORPORATION, a California Corporation; MONICA UNG, an individual; and DENNIS CHOW, an individual,<br><br>Defendants. | Case No: C 09-5363 SBA<br><br>**ORDER GRANTING MOTION TO REOPEN THE CASE**<br><br>Docket 110 |

On November 13, 2009, Plaintiff Hartford Fire Insurance Company ("Hartford") commenced the instant action against NBC General Contractors Corporation ("NBC"), Monica Ung ("Ung"), and Dennis Chow ("Chow") alleging claims for breach of indemnity agreement, specific performance, injunctive relief, and *quia timet*. Compl., Dkt. 1. On February 25, 2013, the Court granted summary judgment in favor of Hartford on its breach of indemnity agreement claim against Chow in the amount of $7,176,188.18. Dkt. 104. On March 5, 2013, the Court issued an Order dismissing the remaining claims alleged in the complaint against Chow and entered final judgment against Chow on Hartford's breach of indemnity agreement claim. Dkt. 107. The Court also administratively closed the case in light of the automatic stay issued in the respective bankruptcy cases filed by NBC and Ung. Id. The Court directed the parties to immediately notify the Court in the event that either stay is lifted and to specify their request for further handling of this action. Id.

On May 15, 2013, Hartford filed a motion to reopen the case. Dkt. 110. Hartford argues that reopening the case is warranted because "the Bankruptcy Court entered an order

granting Hartford's motion to lift the automatic stay so that Hartford could enforce its civil remedies against . . . Ung and proceed to judgment against . . . Ung in this Action." Curran Decl. ¶ 14, Dkt. 110.  Under Civil Local Rule 7-3, any opposition to Hartford's motion was due by no later than fourteen days after the motion was filed, i.e., May 29, 2013.  This Court's Standing Orders specifically warn that "<u>[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion</u>."  Civil Standing Orders at 4.  To date, no opposition has been filed.  Having read and considered the papers filed in connection with Hartford's motion, the Court finds that good cause exists to reopen the case.

Accordingly,

IT IS HEREBY ORDERED THAT:

1. Hartford's motion to reopen the case is GRANTED.

2. The Clerk shall reopen the case.

3. This Order terminates Docket 110.

IT IS SO ORDERED.

Dated: 5/30/13                                        _____
                                                                SAUNDRA BROWN ARMSTRONG
                                                                United States District Judge