UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NBC GENERAL CONTRACTORS CORPORATION, a California Corporation; MONICA UNG, an individual; and DENNIS CHOW, an individual,<br><br>　　　　　Defendants. | Case No:  C 09-5363  SBA<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Docket 117 |

On November 13, 2009, Hartford Fire Insurance Company ("Hartford") commenced the instant action against NBC General Contractors Corporation ("NBC"), Monica Ung ("Ung"), and Dennis Chow ("Chow") (collectively, "Defendants")[1] alleging claims for breach of indemnity agreement, specific performance, injunctive relief, and *quia timet*. Compl., Dkt. 1.  The parties are presently before the Court on McInerney & Dillon, P.C.'s ("McInerney & Dillon") motion to withdraw as counsel of record for Defendants.  Dkt. 117.  Hartford does not oppose the motion.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS McInerney & Dillon's motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] Ung and Chow were officers and/or directors of NBC.  Compl. ¶¶ 5-6.

## I. DISCUSSION

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a); see Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992) (an attorney representing a client may not withdraw except by leave of court). In addition, the Local Rules provide that when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. Civ. L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11–4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). The Rules of Professional Conduct in California allow withdrawal where the client "breaches an agreement or obligation to [its counsel] as to expenses or fees." California Rules of Professional Conduct Rule 3–700(C)(1)(f). Withdrawal is also permitted where the client's conduct "renders it unreasonably difficult for [counsel] to carry out the employment effectively." California Rules of Professional Conduct Rule 3–700(C)(1)(d). However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3–700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3–700(D) (regarding papers), and complying with applicable laws and rules. See El Hage v. U.S. Sec. Assocs., Inc., 2007 WL 4328809, at *1 (N.D. Cal. 2007). The decision to permit counsel to withdraw is within

the sound discretion of the trial court.  See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

      Here, McInerney & Dillon request leave to withdraw as counsel of record for Defendants on two grounds:  (1) Defendants have failed cooperate and communicate with counsel regarding this matter since May 2010 despite repeated efforts to contact them; and (2) Defendants have failed to pay McInerney & Dillon for legal services in the amount of $280,000.  McGahan Decl. ¶¶ 2-3, 5-7, Dkt. 118.  The Court finds that these reasons support a finding of good cause to grant McInerney & Dillon's motion for leave to withdraw as counsel of record for Defendants.  See U.A. Local 342 Joint Labor–Management Committee v. South City Refrigeration, Inc., 2010 WL 1293522, at * 3 (N.D. Cal. 2010) (client's failure to cooperate or communicate effectively with counsel and failure to pay attorneys' fees justified granting leave to withdraw).  In addition, the Court finds that McInerney & Dillon have complied with the requirements of Civil Local Rule 11-5(a) by providing notice reasonably in advance to Defendants of its intention to withdraw.  McGahan Supp. Decl. ¶¶ 2-6, 121.  Finally, the Court finds that McInerney & Dillon have taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Defendants by attempting to communicate with Ung and Chow on numerous occasions prior to filing the instant motion, and by mailing the instant motion by certified mail to the last known address of the Defendants and to NBC's agent for service of process.  See McGahan Decl. ¶¶ 5-6; McGahan Supp. Decl. ¶¶ 2-6.  Accordingly, McInerney & Dillon's motion to withdraw as counsel of record for Defendants is GRANTED.

## II.   CONCLUSION

      For the reasons stated above, IT IS HEREBY ORDERED THAT:

      1.     McInerney & Dillon's motion to withdraw as counsel of record for Defendants is GRANTED.  Because McInerney & Dillon's withdrawal is not accompanied by simultaneous appearance of substitute counsel, the motion is granted on the condition that all papers continue to be served on McInerney & Dillon for forwarding purposes until a substitution of counsel is filed.  Since corporations may not appear in federal court except

by counsel,[2] NBC has thirty (30) days to appear by substitute counsel.  If NBC has not filed a substitution of counsel within thirty (30) days from the date this Order is filed, Hartford shall move for entry of default.

    2.    This Order terminates Docket 117.

IT IS SO ORDERED.

Dated: 3/5/2014

                                   SAUNDRA BROWN ARMSTRONG
                                   United States District Judge

---

[2] See Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); see also Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993).