UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NBC GENERAL CONTRACTORS CORPORATION, a California Corporation; MONICA UNG, an individual; and DENNIS CHOW, an individual,<br><br>Defendants. | Case No:  C 09-5363 SBA<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Docket 127 |

    Plaintiff Hartford Fire Insurance Company ("Hartford") brought this action against Defendants Monica Ung ("Ung"), NBC General Contractors Corporation ("NBC"), and Dennis Chow ("Chow") (collectively, "Defendants" or "Indemnitors") alleging claims arising out of Defendants' breach of an indemnity agreement.  Compl., Dkt. 1.  The parties are presently before the Court on Hartford's motion for summary judgment against Ung under Rule 56 of the Federal Rules of Civil Procedure.  Dkt. 127.  Hartford seeks indemnity for losses and expenses it incurred in investigating and resolving claims under construction-related surety bonds it issued and in enforcing its rights under the indemnity agreement.  Hartford also moves for summary judgment on Ung's eleven affirmative defenses.  Ung has not filed an opposition or statement of non-opposition to Hartford's motion as required by Civil Local Rule 7-3.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Hartford's motion, for the

reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On February 27, 2006, Hartford and the Defendants entered into a General Indemnity Agreement ("Indemnity Agreement" or "agreement") as partial consideration for Hartford's issuance of surety bonds on behalf of NBC, Ung, and Casey Enterprises in connection with Defendants' performance of construction services on various projects in the San Francisco Bay Area.  See Levesque Decl. ¶¶ 7, 9-10, Exh. 1, Dkt. 127-2.[1]  Ung signed the agreement as the President of NBC and as an individual, while Chow signed the agreement as an individual.  Id., Exh. 1.  Pursuant to the Indemnity Agreement and at the request of the Defendants, Hartford issued performance and payment bonds for five projects (collectively, "the Projects") and three "Contractors License Bonds" (collectively, "the Bonds").  Id. ¶¶ 10-11.  The Projects are referred to as the El Cerrito Project, Fox Courts Project, Laney College Project, College of Alameda Project, and 81st Avenue Project.  Id. ¶ 10.

Under the terms of the Indemnity Agreement, the Defendants agreed to "indemnify, exonerate and hold Hartford harmless from all loss, liability, damages and expenses . . . which Hartford incurs or sustains (1) because of having furnished any Bond, (2) because of the failure of an Indemnitor to discharge any obligation[] under this Agreement, (3) in enforcing any of the provisions of this Agreement, (4) in pursuing the collection of any loss incurred hereunder, or (5) in the investigation of any claim submitted under any Bond. . . ."  Levesque Decl. ¶ 9, Exh. 1 ¶ 5.  Sometime after the Bonds were issued, "[o]wners, obligees, subcontractors, suppliers and materialmen providing labor and materials on the Projects alleged NBC defaulted on certain performance and payment obligations. . . ."

---

[1] Richard Levesque is the "Director-Bond Claims" for Hartford.  Levesque Decl. ¶ 1.  As part of his duties, Levesque is responsible for managing Hartford's investigation and payment of any claims asserted against the surety bonds issued by Hartford on behalf of the Indemnitors.  Id. ¶ 2.  He is also responsible for managing Hartford's efforts to enforce its rights under the Indemnity Agreement.  Id.

Levesque Decl. ¶ 12.  According to Harford, "said obligations fall within Hartford's obligations under the Bonds."  Id.

In October 2008, Hartford became aware that NBC was having problems meeting its contractual obligations to its subcontractors and suppliers.  Levesque Decl. ¶ 35.  Thereafter, Hartford requested in writing that the Indemnitors indemnify, exonerate and hold Hartford harmless from all loss, liability, damages and expenses that Hartford incurs because of having issued the Bonds.  Id.

From the end of 2008 to the filing of the instant motion, Hartford repeatedly communicated with the Defendants, both in writing and via telephone and e-mail, regarding claims against the Bonds and the Defendants' obligations under the Indemnity Agreement.  Levesque Decl. ¶ 36.  According to Hartford, it has suffered damages in the amount of $5,572,663.42 as a result of Ung's failure to defend and indemnify Hartford.  Id. ¶ 39, Exhs. 2-3.

## II. DISCUSSION

### A. Legal Standard

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  A material fact is one that could affect the outcome of the suit under the governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party.  Id.

The moving party's burden on summary judgment depends on whether it bears the burden of proof at trial with respect to the claim or defense at issue.  When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  See C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir. 2000).  In such a case, the moving party has the initial

burden of establishing the absence of a genuine dispute of fact on each issue material to its case.  Id.  However, when the nonmoving party has the burden of proof at trial, the moving party can meet its burden on summary judgment by pointing out that there is an absence of evidence to support the nonmoving party's case.  Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001).

Once the moving party has met its burden, the burden shifts to the nonmoving party to designate specific facts showing a genuine dispute for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.

### B.     Hartford's Motion for Summary Judgment

On March 3, 2014, Hartford filed the instant motion for summary judgment against Ung.  Dkt. 127.  Under Civil Local Rule 7-3, Ung's opposition or statement of non-opposition to the motion was due no later than March 17, 2014.  To date, Ung has not filed any response to the motion.

While this Court's standing orders provide that the failure to file an opposition to any motion "shall constitute consent to the granting of the motion," the Ninth Circuit has held that a district court may not grant a motion for summary judgment simply because the nonmoving party does not file an opposition, even if the failure to oppose violates a local rule.  See Heinemann v. Satterberg, 731 F.3d 914, 916-917 (9th Cir. 2013); Martinez v. Stanford, 323 F.3d 1178, 1182-1183 (9th Cir. 2003); see also Fed.R.Civ.P. 56, Adv. Com. Notes, 2010 Amend. ("summary judgment cannot be granted by default even if there is a complete failure to respond to the motion").  Accordingly, the Court will determine whether Hartford has met its burden under Rule 56 to demonstrate that it is entitled to summary judgment on its breach of indemnity claim and on Ung's affirmative defenses.  However, because the motion is unopposed, this Court considers all properly supported

facts asserted by Hartford as undisputed for purposes of this motion.  See Fed.R.Civ.P. 56(e)(2) (if a party fails to address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion).

### 1. Breach of Indemnity Agreement

Hartford moves for summary judgment on its breach of indemnity agreement claim against Ung, arguing that Ung breached the terms of the Indemnity Agreement by failing to defend, indemnify and hold Hartford harmless from: (1) the claims paid by Hartford under the Bonds; and (2) the attorney's fees and costs, consultant's fees and costs, and other expenses paid by Hartford to investigate and resolve claims under the Bonds and to enforce Hartford's rights under the Indemnity Agreement.  Pl.'s Mot. at 1.

California law has long recognized the right of a surety, such as Hartford, to be indemnified under the terms of a written indemnity agreement.  See, e.g., Fid. & Deposit Co. of Md. v. Whitson, 187 Cal.App.2d 751, 756 (1960).  In order to establish a valid claim for breach of an indemnity agreement under California law, a plaintiff must demonstrate the existence of an indemnity agreement, the plaintiff's performance under the agreement, breach of the agreement, and damages.  See Reichert v. Gen. Ins. Co. of Am., 68 Cal.2d 822, 830 (1968); Four Star Elec., Inc. v. F & H Constr., 7 Cal.App.4th 1375, 1380 (1992).  "An indemnity agreement is to be interpreted according to the language and contents of the contract as well as the intention of the parties as indicated by the contract."  Myers Bldg. Indus., Ltd. v. Interface Tech., Inc., 13 Cal.App.4th 949, 968 (1993).

Here, Hartford has proffered sufficient evidence to establish all of the necessary elements of its breach of indemnity agreement claim.  In support of the instant motion, Hartford has proffered evidence demonstrating that Ung and Hartford entered into the Indemnity Agreement on February 27, 2006.  Levesque Decl. ¶ 7, Exh. 1.  In addition, Hartford has proffered evidence showing that it has performed its obligations under the Indemnity Agreement, including issuing the Bonds, and that Ung has breached the terms of

the Indemnity Agreement by failing to indemnify Hartford. Id. ¶¶ 10-11, 35-36, Exh. 2.[2] Finally, Hartford has proffered evidence demonstrating that it is entitled to damages in the amount of $5,572,663.42, which consists of the principal amount of $3,991,654.17, plus interest in the amount of $1,581,009.25.[3] Id. ¶¶ 14-28, 30-34, Exhs. 2-3.

In response, Ung has failed to proffer any evidence to rebut the evidence submitted by Hartford. Accordingly, because Hartford has met its burden to come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial, and because Ung has failed to demonstrate that summary judgment is inappropriate, Hartford's motion for summary judgment on its breach of indemnity agreement claim against Ung is GRANTED.

### 2. Ung's Affirmative Defenses

Ung has pled eleven affirmative defenses. See Dkt. 15. Hartford moves for summary judgment on the ground that Ung does not have any evidence to support these defenses. Pl.'s Mot. at 17. When, as here, the nonmoving party (i.e., Ung) has the burden of proof at trial, the moving party can meet its burden on summary judgment by pointing out that there is an absence of evidence to support the nonmoving party's case. Devereaux, 263 F.3d at 1076. If the movant meets its burden, the burden shifts to the nonmovant to show summary judgment is inappropriate. See Celotex, 477 U.S. at 324; C.A.R., 213 F.3d

---

[2] By virtue of her failure to respond to Hartford's Requests for Admissions ("RFAs") propounded on August 13, 2010, see Curran Decl. ¶ 11, Exh. 4, the Court notes that Ung has admitted, among other things, that she executed the Indemnity Agreement on February 27, 2006, and that she breached the agreement by failing to indemnify Hartford. See Fed.R.Civ.P. 36(a)(3); F.T.C. v. Medicor LLC, 217 F.Supp.2d 1048 (C.D. Cal. 2002) (Failure to timely respond to RFAs results in automatic admission of the matters requested. No motion to establish the admissions is necessary because Rule 36(a) is self-executing.). A matter admitted under Rule 36(a) is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed.R.Civ.P. 36(b). No such motion has been filed.

[3] The damages requested by Hartford include a request for attorney's fees incurred in bringing the instant action. The Court finds that such damages are permissible under the express terms of the Indemnity Agreement. The agreement states: "The Indemnitors are jointly and severally liable to Hartford, and will indemnify and exonerate and hold Hartford harmless from all loss, liability, damages and expenses including, but not limited to, . . . attorney's fees . . . which Hartford incurs or sustains . . . in enforcing any of the provisions of this Agreement. . . ." Levesque Decl. ¶ 9, Exh. 1 ¶ 5.

at 480.  The nonmovant must go beyond the pleadings to designate specific facts showing there are genuine factual issues which "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson, 477 U.S. at 250.

The Court finds that Hartford has met its burden on summary judgment by pointing out that there is an absence of evidence supporting Ung's affirmative defenses.  The burden therefore shifts to Ung to come forward with evidence in support of her defenses.  Ung has failed to do so.  She has not met her burden to designate specific facts showing that summary judgment is improper.  Indeed, Ung has not provided any argument or evidence in support of her affirmative defenses.  Accordingly, Hartford's motion for summary judgment on Ung's eleven affirmative defenses is GRANTED.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Hartford's motion for summary judgment is GRANTED.  Summary judgment is granted in favor of Hartford on its breach of indemnity claim in the amount of $5,572,663.42.  Summary judgment is also granted in favor of Hartford on Ung's eleven affirmative defenses.

2. Within seven (7) days from the date this Order is filed, Hartford shall file a statement advising the Court of its intentions on the remaining claims alleged against Ung in the complaint.

3. This Order terminates Docket 127.

IT IS SO ORDERED.

Dated:  4/21/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge